[No. 596.—Decided January 28, 1890.]

MARY J. McMILLAN v. OTHELIA MAU AND HERMAN J. SADDLER.

HOMESTEAD — JUDGMENT LIEN — NOTICE OF APPEAL.

Notice of appeal given in open court within the time allowed by law, but at a term of court subsequent to the term when judgment was rendered, is sufficient, though appellees were not present, nor had notice been served on them to appear.

Under the laws relating to the selection of homesteads (Code Wash. T., § 1460; Acts 1885-6, p. 170), the obtaining of a general judgment lien does not cut off the subsequent selection of a homestead, at any time before sale to satisfy the judgment.

*Appeal from District Court, Pierce County.*

The facts are fully stated in the opinion.

*Judson, Sharpstein & Sullivan,* for appellant.

Where the deceased was at the time of his death residing with his family on the premises, the probate court had no discretion but to set aside the homestead. Code Wash. T., §§ 1460-1; Acts 1883, p. 44; Acts 1885-6, p. 170-1; *In re Estate of James Ballentine,* 45 Cal. 696; *In re Estate· of Bridget Davis,* 69 Cal. 458; *In re Estate of H. S. Burton,* 63 Cal. 36; *In re Estate of W. H. Moore,* 57 Cal. 437.

Upon an application to set aside a homestead, the probate court has no jurisdiction to determine the title, or whether

or not any liens exist; the only question the court can determine is as to the value of the property sought to be set aside as a homestead. *In re Estate of James*, 23 Cal. 415; *Rich v. Tubbs*, 41 Cal. 34; *In re Estate of Tompkins*, 12 Cal. 114.

The homestead is to be set apart in pursuance of the statute in force at the time when the order is made, and the interest therein which the widow will take is to be determined by the same statute. *Sulzberger v. Sulzberger*, 35 Cal. 385.

Not only is the judgment debtor entitled to a homestead after judgment, but he may select it even after levy and before sale. Code Wash. T., § 342; *Close v. Sinclair*, 38 Ohio St. 530; *Tomlinson v. Swinney*, 22 Ark. 400; *Nevada Bank of San Francisco v. Treadway*, 17 Fed. Rep. 887; *Hawthorne v. Smith*, 3 Nev. 182.

The homestead law should be liberally construed in favor of the debtor; it is not in derogation of the common law, while the law allowing creditors to sell a debtor's land is. 3 Black Com. 418; *Riggs v. Sterling*, 60 Mich. 643 (27 N. W. Rep. 705).

*G. M. Haller, C. D. Young* and *Andrew Woods*, for appellees.

As to service of notice of intention to appeal, counsel cited Code Wash. T., §§ 746, 72, 2140; *Melville v. Chehalis County*, 13 Pac. Rep. 904; *Parker v. D'Acres*, 13 Pac. Rep. 903.

Had James McMillan any right of homestead in this property, as against the attaching creditors? His only claim rests upon § 342 of the code, but the land is only " exempt from attachment, which is occupied by him as a homestead." It must, therefore, be occupied in fact as a home at the time of the attachment or it is not exempt. It is conceded that if at the time of the attachment it was not so occupied, the attachment lien became impressed upon

the property and held it for the satisfaction of the judgment afterwards recovered. (Code, § 174.) Nothing that the defendant could do would divest the lien or destroy or impair the security. 1 Wade, Attachment, § 211; Waples, Attachment, p. 166; Thomp. Homestead Ex. §§ 317, 318, 648-650, 654; Freeman, Executions, § 249; *Tuttle v. Howe*, 14 Minn. 147; McCauley's Estate, 50 Cal. 544; *Kelly v. Dill*, 23 Minn. 435; *Hannah v. Felt*, 15 Iowa, 141; *Ryan v. Wessels*, 15 Iowa, 145; *Bullene v. Hiatt*, 12 Kan. 98; *Brooks v. Chatham*, 57 Tex. 31; *Baird v. Trice*, 51 Tex. 559; 44 Tex. 286 and 598; 46 Tex. 478; 14 Iowa, 438; 14 Ind. 523; 16 Ind. 457; 18 Ind. 580; 20 Ind. 510; 23 Ind. 208; 27 Ill. 393.


The opinion of the court was delivered by

Scott, J. — Appellees move to dismiss the appeal herein for various reasons. The only one that seems to need consideration is as to whether the notice of an appeal was sufficient.

It appears that the notice was given in open court within the time allowed by law, but at a subsequent term of the court. It does not appear that appellees were present, and they contend that notice should have been served upon them to appear, as the appeal notice was not given at the term of court when judgment was rendered. We do not think the point well taken, and hold that the notice was sufficient under the law. The motion is therefore denied.

This case comes here upon an agreed statement of facts.

Appellant is the widow of James McMillan, who at the time of his death owned certain lands in Pierce county. He left several minor children. While his estate was being administered upon in the probate court, appellant petitioned said court to set aside a homestead under § 1460 of the code, as subsequently amended in the laws of 1885-6, at page 170.

It appears that appellees obtained a judgment against

James McMillan and filed a transcript thereof in the auditor's office, and that the same became a lien, generally, upon his real estate under § 321 of the code; that after said lien attached said James McMillan, with his family, moved upon the land which appellant petitioned the probate court to set aside as such homestead; that the family has since continued to reside thereon; and that no claim of a homestead had been made prior to the filing of said petition.

Appellees filed objections to the allowance of such homestead, setting up their judgment lien, and maintaining that as the lien was obtained before McMillan moved upon the land, or took any step to claim the same as a homestead, that the lien takes precedence of appellant's claim. The probate court sustained this view, and refused to set the same aside. An appeal was taken to the district court, where the decision of the probate court was sustained, and an appeal was then taken to this court.

We think that under the laws relating to the selection of homesteads, the action of the probate and district courts was erroneous; that the obtaining of a general judgment lien does not cut off the subsequent selection of a homestead at any time before sale.

Therefore the judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

ANDERS, C. J., and HOYT, STILES and DUNBAR, JJ., concur.