DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON.

[No. 2829.  Decided September 19, 1898.]

TRADERS' NATIONAL BANK OF SPOKANE, WASHINGTON, *Appellant*, v. GEORGE F. SCHORR *et ux.*, *Respondents*.

HOMESTEAD — JUDGMENT LIEN — RES JUDICATA.

Under the homestead exemption statutes of this state, a general judgment lien does not operate upon, and does not attach to, premises which constitute a homestead.

In an action to set aside a transfer of certain realty, as in fraud of a judgment creditor, and subject it to the lien of his judgment, a decree that the premises were subject to the satisfaction of the judgment and should be sold under execution for that purpose, is final and conclusive upon the right of the judgment debtor or his vendees to raise the issue in a subsequent action that the premises were the homestead of the debtor, since that defense should have been raised in the prior action.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.  Reversed.

*Graves, Wolf & Graves,* for appellant:

The judgment against respondents was entered in 1891. In 1892 the respondents conveyed this realty to third par-

ties. In the action brought to subject it to the payment of this judgment, the question as to whether or no the judgment was a lien upon the premises was litigated; it was declared to be a lien thereon, and a sale was ordered to satisfy the debt. No appeal was taken from the decree. We submit: The realty in question was the homestead of respondents, if it ever was, at the time of rendition of the judgment against them in 1891, and at all times since. If it was their homestead the lien of the judgment did not attach, and they might sell, mortgage or give the property away, and it would be no concern of appellant's. Therefore, when appellant brought an action against them alleging that the judgment was a lien upon the premises, seeking to set aside the sale made by them and subject the property to the payment of the judgment, and in that action obtained a decree declaring the judgment to be a lien upon the premises and ordering a sale without regard to the former conveyances, there was an adjudication that the premises did not constitute a homestead. If it be held there was no direct adjudication of that question, still the plea that the premises were respondents' homestead would have been a complete defense to the action. If these premises are correct, the sale should have been confirmed.

Being respondents' homestead, the lien of appellant's judgment did not attach until the decree entered in the suits in equity. *Lamb v. Shays,* 14 Iowa, 567; *Cummings v. Long,* 16 Iowa, 41 (85 Am. Dec. 502); *Green v. Marks,* 25 Ill. 221; *Haworth v. Travis,* 67 Ill. 301; *Houghton v. Lee,* 50 Cal. 102; *Black v. Epperson,* 40 Tex. 162; *Morris v. Ward,* 5 Kan. 247; *Monroe v. May,* 9 Kan. 475; *Gapen v. Stephenson,* 17 Kan. 617; *Martin v. Meredith,* 71 N. C. 215; *Morris v. Brown,* 48 Pac. 750; *Grimes v. Portman,* 12 S. W. 792; *Beyer v. Thoeming,* 46 N. W. 1075.

If there was an adjudication in the creditor's suits instituted in 1893 that the premises were not respondents' homestead, they are estopped from raising the question now. *Snapp v. Snapp,* 9 S. W. 706; *Hill v. Lancaster,* 11 S. W. 75; *Miller v. Sherry,* 2 Wall. 251 (17 L. ed. 827); *Dodd v. Scott,* 46 N. W. 1057 (10 L. R. A. 360, 25 Am. St. Rep. 492); *Baxter v. Dear,* 24 Tex. 21 (76 Am. Dec. 89); *Hammer v. Woods,* 6 Tex. Civ. App. 179. Nor are the respondents in any better position, if they contend that there is not enough in the record to show an adjudication of the homestead right. The plea that the premises were a homestead would have been a defense to the actions, and it is an unquestioned rule of law that a judgment bars all the defenses which the defendant had an opportunity to make. *Griffin v. Long Island R. R. Co.,* 102 N. Y. 452; *Board v. Platt,* 25 C. C. A. 91.

*W. A. Lewis,* for respondents:

The question of homestead was not in issue in the creditors' suits. To be a bar to the respondents' now claiming their homestead, the subject matter of the former suit must be identical. Van Fleet, Former Adjudication, p. 717; *Shirland v. Union National Bank,* 65 Iowa, 96; *Denis v. Gayle,* 40 La. An. 286; *Calvit v. Williams,* 35 La. An. 322; *Lemunier v. McCearly,* 37 La. An. 133.

Under our statute a general judgment becomes a lien upon all of the judgment debtor's real estate, and the exemption is a personal privilege to be exercised by the debtor or not at his election. *Wiss v. Stewart,* 16 Wash. 376; *Asher v. Sekofsky,* 10 Wash. 379; *McMillan v. Mau,* 1 Wash. 26; *Nevada Bank of San Francisco v. Treadway,* 17 Fed. 887; *Close v. Sinclair,* 38 Ohio St. 530; *Tumlinson v. Swinney,* 22 Ark. 400 (76 Am. Dec. 432); *Haw-*

*thorne v. Smith,* 3 Nev. 182 (93 Am. Dec. 397); Freeman, Executions (2d ed.), §§ 211, 212.

The opinion of the court was delivered by

REAVIS, J.—In November, 1891, appellant obtained judgment in the superior court of Spokane county against respondents, who were then, and are now, husband and wife. At the time, respondents resided upon certain real property in the city of Spokane, which is now of the value of about one thousand dollars, and which was their homestead. After rendition of the judgment against them, respondents conveyed their homestead in moieties by separate deeds to Mrs. Brier and Mrs. Stratton. In 1893 appellant commenced two suits in the superior court, one against the respondents and Mrs. Brier and the other against the respondents and Mrs. Stratton. The complaint in each suit stated the rendition of the judgment against respondents, and that respondents were husband and wife; that transcript of the judgment was filed with the auditor of Spokane county and duly recorded before the conveyances to Mrs. Brier and Mrs. Stratton were executed; and alleged that the judgment was a lien upon the real estate so conveyed, and that the deeds of conveyance executed by respondents were wholly without consideration and were made for the purpose of evading the judgment, and for the purpose of defrauding the appellant and other creditors of respondents; and that the land at the time of the conveyances was subject to the lien of appellant's judgment, and that respondents had no other property out of which plaintiff could make the judgment except property described as likewise conveyed and included in the two deeds mentioned; that execution had been issued upon the judgment, but there was no property upon which it could be levied except the realty which is the

subject of controversy in this action; and the prayer of the complaint was that the judgment be declared a lien upon the real estate mentioned, and that the deeds of conveyance to Mrs. Brier and Mrs. Stratton be set aside as against the judgment of appellant, and for a decree against defendants authorizing and directing the sheriff of Spokane county to sell the real estate upon the execution issued on the judgment for the satisfaction thereof. Respondents, together with Mrs. Brier and husband and Mrs. Stratton and husband, were made defendants, and they all appeared and united in an answer to the complaint. The answer admitted the execution and delivery of the deeds and denied the other material allegations of the complaint. Upon the issues thus made the cause went to trial and evidence was heard, and the court found the rendition of the judgment against respondents, and that said judgment had not been paid and the amount due and owing thereon; that the transcript of the judgment was duly filed and recorded as alleged in the complaint and the conveyance by the deeds as stated in the complaint; and that the judgment was a lien upon the real estate and appellant was entitled to make the same thereon by execution; and on the 13th day of October, 1893, a decree was entered that appellant could proceed to sell the real estate on execution upon its judgment, and that the purchaser at such execution sale take all the right and interest owned and possessed by the respondents at the time of the rendition of the judgment, on the 23d of November, 1891. No exception or appeal was taken to or from the decree. In November, 1893, respondent George F. Schorr duly executed and recorded a declaration of homestead upon the said real estate. On the 17th of March, 1897, the original judgment was duly revived and the lien of judgment continued thereon by decree entered of

that date in the superior court, and thereafter execution was issued and the premises sold under said execution, and upon motion to confirm such sale the present controversy arose. Upon argument of the cause before this court all the objections to the jurisdiction of the superior court to consider this controversy in the form in which it was presented were waived by counsel, for the respective parties, and the cause is here considered as upon an issue properly made to determine the homestead right in the premises in litigation at this time.

1. The superior court found, and the conceded facts sustain the conclusion, that the realty in controversy was the homestead of respondents when the judgment in favor of appellant was rendered against them in 1891; and a vital question is, Does a general personal judgment become a lien upon a homestead in this state? It is maintained by counsel for respondents that the sale of the property was not made in the manner and form provided by law for the sale of homesteads (2 Hill's Code, § 484); that, on the contrary, the sheriff's return shows that all proceedings prior to the sale were under the statutes for sale of lands other than homesteads (2 Hill's Code, § 496 *et seq.*, Bal. Code, § 5269); and counsel contends that the lien of the judgment attaches to all the real estate of the judgment debtor, including the homestead; and in support of such contention cites the case of *McMillan v. Mau,* 1 Wash. 26 (23 Pac. 441). In that case a widow, as administratrix of the estate of her deceased husband, petitioned the probate court to set aside a homestead, but creditors who had obtained a judgment against the deceased and filed a transcript thereof in the auditor's office claimed that the deceased moved upon the land after the lien attached, and such creditors filed objections to the allowance of such homestead, setting up their judgment

lien and that the lien took precedence of the homestead claim of the widow. The probate court sustained the priority of the lien over the homestead claim, which view was also sustained by the territorial district court, to which an appeal had been taken, but upon appeal to this court it was said:

" We think that under the laws relating to the selection of homesteads, the action of the probate and district courts was erroneous; that the obtaining of a general judgment lien does not cut off the subsequent selection of a homestead at any time before sale."

It will thus be observed, from a consideration of the case cited, that the precise question involved in the controversy now here was not ruled upon in that case. It is also contended by counsel that the homestead exemption is a personal privilege, to be exercised by the claimant or not, at his will and at any time before sale. As a general rule, the lien of a judgment only attaches to property which there is a present power to sell, and the question must be solved by the statutes relating to homestead exemptions. The state constitution imposes its mandate upon the legislature to protect the homestead from forced sale. Art. 19, § 1. The statute in force at the time of the rendition of appellant's original judgment against respondents, in 1891, was 2 Hill's Code, § 481, in which a homestead not exceeding in value one thousand dollars was exempted from execution or attachment. By § 482, the homestead passed to the widow surviving the husband, or to the minor children, and the creditor could not have an execution as of course against such homestead. Id. § 484. When the homestead was sold, a subsequent homestead acquired with the proceeds thereof was exempt, and § 485, 2 Hill's Code (Bal. Code, § 5247), provided:

" In case of the sale of said homestead, any subsequent

homestead acquired by the proceeds thereof shall also be exempt from attachment and execution; nor shall any judgment or other claim against the owner of such homestead be a lien against the same in the hands of a *bona fide* purchaser for a valuable consideration."

A sale of a homestead under execution is void, and the homestead may be conveyed unaffected by such execution sale. *Asher v. Sekofsky,* 10 Wash. 381 (38 Pac. 1133). The proceeds of exempt property are also exempt from execution. *Puget Sound, etc., Packing Co. v. Jeffs,* 11 Wash. 470 (39 Pac. 962, 48 Am. St. Rep. 885.)   The homestead may be mortgaged without affecting the right to claim it thereafter as a homestead. *Wiss v. Stewart,* 16 Wash. 376 (47 Pac. 736).

Mr. Freeman observes (1 Freeman, Executions, 2d ed., § 249 d):

" The lien of a judgment and of an execution is almost universally regarded as arising from the right to sell property thereunder.   And hence, where the right of sale cannot be asserted, the existence of the lien must be denied. It would follow, as a logical result, from the application of this general principle, that a judgment rendered after the creation and before the abandonment of a homestead cannot be a lien thereon;   .   .   .   If the property was a homestead, and as such exempt from execution, the exemption right is not lost by the transfer of the property to a third person.   It cannot be sold in his hands under a judgment against his vendor."

Provision is made by our statutes for reaching the excess in value of real estate claimed as a homestead over the amount exempted, but it is not the ordinary enforcement of the lien or a sale under execution.   It is a special mode of sale after an appraisement.   We think it is apparent, from an examination of the legislation creating and protecting the homestead in this state, and the construction placed upon such statutes by this court, that a

general judgment lien does not operate upon, and does not attach to, premises which constitute a homestead, and the view taken by counsel for respondents that such lien may attach to the excess in value above the homestead exemption is erroneous.

2. The effect of the judgment in favor of appellant and against respondents and their grantees, rendered in 1893, may now be considered. Counsel for respondents maintains with much earnestness that the record in those suits does not disclose that the claim of homestead was before the court. It is true that the complaints in each case—and the cases are alike—do not mention the existing incumbrance of the homestead, but they allege that the specific realty is subject to the lien of the judgment, and the object of the suits is specifically stated to enforce the judgment by execution and sale. The respondents appeared and defended on the merits against the claim of appellant in those suits. The judgment of the court was that the premises were subject to the satisfaction of the judgment, and a sale under execution was directed. The judgment became final and conclusive of the rights of the parties to the litigation. Mr. Van Fleet in his work on Former Adjudication, in discussing defenses omitted, thus states the principle:

" The sole purpose in view in serving notice upon a person that a judicial proceeding has been commenced against him is to afford him an opportunity to show his causes of defense or reasons why the plaintiff should not recover; and a recovery by the plaintiff necessarily adjudicates that there is no defense. Hence, the cases all agree that a judgment bars all defenses which the defendant had an opportunity to make."

And many authorities are cited by him to sustain it. Van Fleet, Former Adjudication, § 159.

The case of *Snapp v. Snapp,* 87 Ky. 554 (9 S. W. 705), was where creditors claimed the right to subject land conveyed by their debtor to a third party upon the ground that the conveyance was fraudulent, and disregarded the conveyance and had the land levied upon and sold under execution. Thereafter the grantee in the alleged fraudulent conveyance brought an action to set aside the execution, to which the debtor was made a party. Upon trial the conveyance was held to be fraudulent, and the purchaser at the execution sale obtained the sheriff's deed. The debtor then brought action to recover the land as a homestead. It was ruled by the court that the claim to a homestead asserted in the last action would have been a complete defense to the action in which the creditors asserted the right to subject the land, and, having failed to assert the claim in that action, it could not be asserted in another. The court observed of the claimant:

" He gave his deposition in that case [the action to subject the land to the claim of the creditors], and in it testifies that he is a defendant to it. The assertion of his homestead right to the land in that suit would have defeated the claim of the defendants therein that the conveyance by him to the son was fraudulent. If the land was exempt to him as a part of his homestead, he had a right to convey it without claim or objection upon the part of his creditors. He remained silent, however. It has been held that the sale of land under the judgment of a court does not divest the owner of his right to a homestead exemption, unless it has been waived in the manner directed by the statute. He may assert it by an independent suit; but certainly a time should come when he can no longer do so. He cannot sue for it and suffer defeat, and then bring a second action for it by joining his wife with him. He is the owner of the homestead. If he once asserts his right to it by an action and his claim be rejected, this adjudication is a bar to a second suit."

*Hill v. Lancaster,* 88 Ky. 338 (11 S. W. 74), was an action by creditors of the grantor in a deed, against the grantor and grantees, to set aside the deed as fraudulent, and subject the land to the payment of the grantor's debts. The grantor filed an answer, denying the alleged fraud and asserting that he had no interest whatever in the land. Judgment was rendered, setting aside the deed and subjecting the land, and thereafter the grantor and his wife offered to file their joint petition in the same action, asserting a claim to the homestead in the land. It was determined that, the debtor having permitted judgment to be rendered subjecting his entire interest in the land without asserting the right to a homestead, it was afterward too late to do so, the judgment being final. It was said by the court in that case:

" It is not denied—indeed, it is a fact—that the appellant, as between him and the appellees, Lancaster, etc., as his creditors, was entitled to a homestead in said real estate; but his entire interest in this real estate having been sought to be sold to satisfy the demand of these creditors, and he having appeared and defended upon the merits, and having failed to set up his homestead right, which would have been a complete bar to the appellee's action . . . his effort to set up his right to his homestead came too late."

Counsel for respondents has called to the attention of the court the case of *Shirland v. Union National Bank,* 65 Iowa, 96 (21 N. W. 200), and maintains that the case cited sustains his view that the homestead claim was not necessarily adjudicated in the former suits. To some extent the reasoning in the Iowa case apparently trenches on the rule stated in the Kentucky cases, *supra,* but it may be distinguished from them. It was observed by the Iowa court:

" The judgment of a court of competent jurisdiction is

conclusive on the parties as to all points directly involved in it and necessarily determined, but is conclusive as to none others.   .   .   .   The homestead right of plaintiffs in the premises was in no manner questioned in the proceedings.   No complaint is made in the petition with reference to the subject of that right, and no relief is asked as against it.   The only complaint related to the fraudulent mortgage and the judgment, which had in fact been satisfied, and the only relief demanded was that the premises be subjected to defendant's judgment, free and clear of all claim in Mott's favor under said mortgage and judgment; and the judgment does not undertake to give any relief except as against the mortgage and judgment complained of."

The original action, which was set up as a bar against the claim of homestead, was instituted to declare fraudulent and void a mortgage and judgment rendered thereon, and the only relief demanded in that action was that the judgment obtained on such mortgage foreclosure be declared void and of no effect as against the attacking creditor.   There was no request that the realty be subjected specifically to the creditors' claim, but in the case at bar the specific object of the two suits commenced by appellant against respondents and others, in 1893, was to subject the realty in controversy here to the original judgment and to have execution issue on such judgment and a satisfaction thereof by sale.   The question of the homestead claim of respondents was therefore conclusively determined in the former suits and cannot again be litigated.

The judgment of the superior court is reversed, with direction to enter judgment in favor of appellant.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.