[No. 9315–1–I.   Division One.   May 26, 1981.]

JULIA MAHALKO, *Appellant,* v. ARCTIC TRADING COMPANY, INC., *Respondent.*

---

*Smith, Brucker, Winn & Ehlert* and *Norman L. Winn,* for appellant.

*Kris Chrey,* for respondent.

CORBETT, J.—This is an action to determine the priority of interest in real property upon which a homestead has been declared.

The debtor filed a declaration of homestead in 1970. Mahalko was granted judgment against the debtor in 1973. In 1976, Westinghouse Credit obtained judgment against the debtor and in the same year secured a deed of trust on the debtor's promise to pay the 1976 judgment. In 1979, Mahalko executed upon the judgment following the appraisal, division and sale procedure to reach the excess value of the property above the homestead exemption (RCW 6.12.140 *et seq.*). At the execution sale Mahalko bid in her judgment. Pursuant to the order setting homestead, $10,000 was to be paid to the debtor out of the proceeds of the execution sale or before delivery of the sheriff's deed to Mahalko. In 1979, with knowledge of the execution sale, Arctic Trading Co. purchased from Westinghouse Credit the 1976 trust deed, and in 1980, caused a trustee's notice of sale to be given. Mahalko brought this action to enjoin

the trustee sale and establish her title. She appeals the summary judgment of dismissal in favor of Arctic. By stipulation, the debtor has been dismissed from the action.

Arctic contends that the 1970 declaration of homestead prevented the 1973 judgment lien from attaching to the property. *Traders' Nat'l Bank v. Schorr,* 20 Wash. 1, 54 P. 543 (1898); *Barouh v. Israel,* 46 Wn.2d 327, 281 P.2d 238 (1955); *Lien v. Hoffman,* 49 Wn.2d 642, 306 P.2d 240 (1957). Therefore it is argued that the 1976 trust deed became a paramount lien enforceable against the homestead property under RCW 6.12.100, which provides:

> The homestead is subject to execution or forced sale in satisfaction of judgments obtained:
>
> . . .
>
> (2) On debts secured by mortgages on the premises executed and acknowledged by the husband and wife or by any unmarried claimant.

(Because of our disposition of this case, we will not address the issue of whether or not this statute applies to trust deeds.) Ordinarily, a money judgment becomes a lien upon real property of a judgment debtor from the day judgment is rendered. (RCW 4.56.190–.200):

> The real estate of any judgment debtor . . . not exempt by law, shall be held and bound to satisfy any judgment . . . and every such judgment shall be a lien thereupon to commence . . .
>
> . . .
>
> . . . *from the time of the entry thereof . . .*

(Italics ours.) However, when the homestead exemption is established prior to judgment, the judgment does not become a lien upon the homestead property. *Lien v. Hoffman, supra* at 648; 41 Wash. L. Rev. 517, 562 n.11 (1966). The reason why judgment liens are not permitted to attach to the homestead property is to avoid restraint on alienation. If the judgment were to follow the property into the hands of a purchaser, it would limit marketability and restrict the ability of the homestead declarant to obtain a more desirable homestead by using funds from the sale of its earlier homestead. *Aronson v. Murk,* 67 Wn.2d 1, 7, 406

P.2d 607 (1965). While the property is in the judgment debtor's hands, the excess value can be reached through the process set forth in RCW 6.12.140 *et seq.,* even though no judgment lien has attached. The statutes require a special process of execution wherein three appraisers are appointed by the court to determine the value of the homestead and whether the residence can be divided from the remainder of the property. If from the appraisal report the court determines that the land claimed exempt exceeds in value the amount of the homestead exemption and that it cannot be divided, the court must direct sale under execution. Mahalko followed this procedure to reach the excess value of the homestead property.

■ The issue posed by the unique factual situation in this case is, therefore, not attachment of the 1973 judgment lien, but rather the relative priority of interest acquired by execution sale as against the interest reflected by the trust deed. Priority between creditors is determined in order of time, first in time being the first in right. *Homann v. Huber,* 38 Wn.2d 190, 228 P.2d 466 (1951); *Hollenbeck v. Seattle,* 136 Wash. 508, 240 P. 916 (1925). The title acquired by execution sale relates back to the entry of judgment so as to exclude adverse interests subsequent thereto. *See Black v. Miller,* 219 So. 2d 106 (Fla. Dist. Ct. App. 1969); *Onyx Ref. Co. v. Evans Prod. Corp.,* 182 F. Supp. 253 (N.D. Tex. 1959); *Conard v. Atlantic Ins. Co.,* 26 U.S. (1 Pet.) 386, 7 L. Ed. 189 (1828); 30 Am. Jur. 2d *Executions* § 446 (1967); 33 C.J.S. *Executions* § 124 (1942). We conclude that the Mahalko title reflected by a sheriff's deed relates back to the entry of the 1973 judgment and as a result becomes paramount to the junior 1976 trust deed. This would not have been possible if the general execution statute had been used, *Barouh v. Israel, supra* at 332, or if the debtor had transferred the property prior to the execution sale. *Lien v. Hoffman, supra* at 645; *Locke v. Collins,* 42 Wn.2d 532, 256 P.2d 832 (1953).

The trustee's sale should have been enjoined and Mahalko permitted to establish her title.

The judgment of dismissal is reversed and the cause remanded for further proceedings consistent with this opinion.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied August 18, 1981.

Review granted by Supreme Court November 20, 1981.