[No. 1401. Decided November 9, 1894.]

GEORGE A. SHEPPARD, Trustee, *Appellant*, *v.* A. W. GUISLER ET UX., *Respondents*.

APPEAL—ORDER MADE AFTER JUDGMENT—PRACTICE—ATTACHMENT—DISSOLUTION—ENTRY OF JUDGMENT.

An order purporting to dissolve an attachment after the rendition of judgment in the action in which it was issued, and which is in ef-

fect a direction by the court to the sheriff to disregard the rights of the attaching creditor in making a levy under the execution issued upon the judgment, is an appealable order under Laws 1893, p. 119.

Where, prior to the rendition of final judgment in a cause in which an attachment had been issued, a motion to dissolve the attachment has been made, and, after a full hearing upon affidavits, denied, it is error for the trial court to entertain another motion to dissolve the attachment

The fact that an order is irregular or void for want of jurisdiction on the part of the court to make it will not prevent its reversal on appeal.

A motion to dissolve an attachment should not be decided upon facts which have been made to appear in another action, without making them a part of the record in the attachment action.

*Semble:* In entering judgment in a cause wherein property has been attached pending the litigation the correct practice is to have the lien by vi.tue of the attachment expressly preserved in the judgment, and the property levied upon made subject to the execution to be issued thereon by express direction.

*Appeal from Superior Court, Mason County.*

*Joseph A. McDonald,* for appellant.

*H. S. Tremper,* for respondents.

The opinion of the court was delivered by

HOYT, J.—This is an appeal from an order purporting to dissolve an attachment after the rendition of judgment in the action in which it was issued. Respondents move to dismiss, on the ground that an appeal from such an order does not lie.

The law of 1893 (Laws, p. 119) provides for an appeal from an order refusing to dissolve an attachment, but makes no provision for an appeal from an order dissolving one, from which it is argued by the respondents that the legislature having provided for the appeal in the one case, its failure to so provide in the other must negative any intention to provide for such appeal which may be gathered from other provisions of the statute. There is much force in this contention, but we do not feel called upon to decide it in this case. This order, while in form one for the dissolution

of an attachment, was made after judgment, and was in
effect a direction by the court to the sheriff to disregard the
rights of the attaching creditor in making a levy under the
execution issued upon the judgment.   Hence it was not
such an order as is usually referred to in speaking of an
order dissolving an attachment.   It is more nearly described
in that part of the law which provides for an appeal from an
order affecting a substantial right made after judgment.
That this order is such as might affect a substantial right of
the plaintiff is evident, and it was made after judgment, so
that it comes directly within the class of orders above re-
ferred to.   It is probably true that the making of such order
was irregular, yet that fact, or even the extreme fact that it
was void for want of jurisdiction on the part of the court to
make it, would not prevent its reversal on appeal.   See
*Stewart v. Lohr*, 1 Wash. 341 (25 Pac. 457).   The motion
to dismiss the appeal must be denied.

Upon the merits it is only necessary to say, that, before
the final judgment was rendered in the cause, a motion to
dissolve the attachment had been made, and, after full hear-
ing upon affidavits, denied.   From the order denying this
motion an appeal to this court could have been taken.
Hence it was a final determination by the superior court of
the question whether or not the attachment should be dis-
solved, and it was error on the part of the lower court to
again enter into the consideration of that question.   But,
even if we concede the right of the court to entertain another
motion to dissolve the attachment, it would be authorized to
decide such motion only upon facts of record in the cause or
brought into it as evidence upon the hearing of the motion.
It appears that the court in passing upon this motion
assumed to decide it upon facts which had been made to
appear in another action, without having them made a part
of the record in this cause, and in so doing we think it
committed error.

There has been some discussion as to the correct practice
in entering judgment in a cause wherein property has been
attached pending the litigation, but the question is not so

involved in this case as to authorize us to examine it.   We would observe, however, that there is one method which is safe, whatever may be said as to others, and that is to have the lien by virtue of the attachment expressly preserved in the judgment, and the property levied upon made subject to the execution to be issued thereon by express direction.

The order appealed from must be reversed.

DUNBAR, C. J., and ANDERS, SCOTT and STILES, JJ., concur.