[No. 2439. Decided January 29, 1897.]

EDITH WISS, *Appellant*, v. W. A. STEWART *et al., Respondents.*

HOMESTEAD — TIME OF SELECTION — MORTGAGE OF PREMISES BY DEED — EFFECT.

A homestead may be selected at any time before execution sale, as provided by Code Proc., § 481, as the later act of March 13, 1895 (Laws 1895, p. 109), defining a homestead and providing for the manner of selecting the same, in no way affects the existing provision in relation to the time of making a selection, but simply undertakes to direct the manner of selection.

The right to claim certain premises as a homestead is not defeated by the fact that claimant has [mortgaged the premises by giving what purports on its face to be a warranty deed.

Appeal from Superior Court, Pierce County.—Hon. W. H. PRITCHARD, Judge.　Reversed.

*Govnor Teats*, for appellant.

*B. F. Jacobs*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The appellant, Edith Wiss, before her marriage became the owner of the land in controversy, which is a lot in the town of Puyallup. The property is improved as a residence, and it is uncontradicted that the appellant and her husband have continuously occupied it as their homestead for the three years prior to the trial of the cause, and were at the time of such trial occupying it as such. The value of the place is conceded to be $700. The respondent W. A. Stewart, on September 30, 1895, filed with the auditor of Pierce county a judgment which he had obtained against Frank Wiss and Edith Wiss, his wife, for the sum of $80.32, and on March 9 caused an execution to be

issued on said judgment and levied on the homestead
of appellant, above mentioned as her property, to sell the
same, and the respondent Parker, sheriff of Pierce
county, advertised the same for sale on April 20, 1896.
On April 11, 1896, the appellant caused to be filed her
declaration of homestead, and here we will say that
the declaration seems to us to substantially comply
with the provisions of the laws in relation to such de-
clarations, although it is contended by the respondent
Stewart that it does not. This action was commenced
by the appellant to restrain the respondent sheriff from
selling the property, and to remove the cloud caused
by respondent Stewart's judgment lien from appellant's
title. A temporary restraining order was issued, but
on the trial of the cause the court rendered judgment
discharging the restraining order, dismissing the
cause, and for costs against the plaintiff. We think
the court erred in rendering the judgment aforesaid.
While it appears that the appellant had given what,
on its face, purported to be a warranty deed to the
land in question, on January 9, 1896, to one Davies,
the testimony conclusively shows, and in fact there
is no testimony tending to show to the contrary, that
the deed was in fact a mortgage to secure a loan, and
that a portion of the loan had since been paid.

It is the contention of the respondents that the law
which provides that § 481 of the Code of Procedure,
which provides that a homestead not to exceed the
sum of $1,000 shall be exempt from execution, and
that such homestead may be selected at any time be-
fore sale, has been repealed by the act of March 13,
1895, ch. 64, (Laws, p. 109), an act defining a home-
stead and providing for the manner of the selection of
the same. We think this contention cannot be sus-
tained. The latter act in no way affects the provision

in relation to the time of making the selection, but simply undertakes to direct the manner of such selecttion, and the provision that such homestead may be selected at any time before sale is still in effect.

The judgment will be reversed and the cause remanded with instructions to the lower court to grant the relief prayed for by the appellant.

SCOTT, C. J., and REAVIS, ANDERS and GORDON, JJ., concur.