[No. 3680.   Decided January 3, 1901.]

A. T. VAN DE VANTER, *Respondent,* v. T. E. DAVIS *et al.,* *Defendants,* M. L. FARWELL *et al., Appellants.*

ATTACHMENT—INDEMNITY BOND TO SHERIFF—LIABILITY OF OBLIGORS.

Under the statutes governing attachment proceedings the lien of an attachment continues upon the property seized until it has been applied in satisfaction of the judgment rendered in the action, and such lien is not nullified or destroyed by the subsequent issuance of an execution on the judgment; hence, parties who have given the sheriff a bond indemnifying him against any damage or loss by reason of his seizure and retention of property under attachment, cannot escape responsibility by asserting that whatever damage accrued to the sheriff, where both a writ of attachment and a writ of execution had been issued, was by reason of the sale under the latter.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.   Affirmed.

*Greene & Griffiths* and *Bausman, Kelleher & Emory,* for appellants.

*Brady & Gay,* for respondent.

The opinion of the court was delivered by

WHITE, J.—This is an action to recover damages from Davis & West, as principals, and appellants, as sureties, for alleged breach of an attachment indemnity bond given respondent while sheriff.   In the case of Davis & West v. Burton Lumber Company, a writ of attachment was issued July 12, 1895, and levied upon a lot of lumber.   The bond in question was executed July 19, 1895, the condition of which is as follows:

"The condition of the above obligation is such that whereas, under and by virtue of a writ of attachment issued out of the superior court of said King county, state of

Washington, in an action wherein said T. E. Davis and C. E. West, partners as Davis & West, was plaintiff, and the Burton Lumber Company, a corporation, was defendant, against said defendant, directed and delivered to said sheriff of King county, Washington, the said sheriff was commanded to attach and safely keep all the property of said defendant within his custody, not exempt from execution, or so much thereof as may be sufficient to satisfy plaintiff's demand, amounting to $415.74, as therein stated, and the said sheriff did thereupon attach the following described goods and chattels, to-wit: 268 bunches of siding, 522 bunches of shingles, and about 60,000 feet of rough lumber.

"And whereas one R. L. Oake has claimed the said goods and chattels, or a part thereof, as his property; and whereas there are other persons about to claim other portions of said property;

"And whereas the above named plaintiffs, notwithstanding said claims made or to be made, require of said sheriff that he shall retain said property under said attachment and keep the same in his custody under and by virtue of such writ,

"Now, therefore, the condition of the above obligation is such that if the said T. E. Davis and C. E. West, partners as Davis & West, plaintiffs and principals above named, and the said M. L. Farwell and L. A. Agassiz, sureties, their heirs, executors, and administrators shall well and truly indemnify and save harmless the said sheriff, his successors, heirs, executors, and administrators, of and from all damage, expenses, costs, and charges, and against all loss and liability which he, the said sheriff, his successors, heirs, executors or administrators shall sustain or in any wise be put to for or by reason of the attachment, seizing, levying, taking, or retention by the said sheriff, in his custody, under said attachment, all the property hereinbefore described, whether claimed by the said R. L. Oake or any other person or persons, then this obligation to be null and void; otherwise, to be of full force and virtue."

In this attachment case judgment was rendered by default against the Burton Lumber Company, August 3, 1895. The sheriff's levy of the writ of attachment was made July 12th, and the return to the writ of attachment was made August 2d and filed August 3, 1895. On this last day a writ of execution was issued and levied upon the attached property, the sheriff in his return reciting that it was already in his possession by virtue of the attachment, and on August 19th the sheriff, under this writ of execution, sold the property. Thereafter one Campbell and one Hatch, claiming to own the property, sued the sheriff for its conversion and recovered a judgment against the sheriff, which judgment the sheriff afterwards paid.

On the trial by jury, respondent, over appellants' objection, offered oral and documentary evidence tending to prove the levy of the writ of attachment on the 12th day of July, 1895, the levy of the writ of execution, August 3, 1895, on the same property, then in custody of the sheriff under said attachment, and the sale of the same on the said execution, on August 19, 1895. At the conclusion of the defendants' testimony, the court ordered judgment for the plaintiff, and judgment was entered against the appellants, on March 8, 1900, for the sum of $850.

The sole point presented for our consideration is, did the attachment bond cover the damage resulting from the seizure and sale of the property attached? The contention of the appellants is that, on the issuance of the writ of execution, the writ of attachment became *functus,* and whatever damage thereafter occurred was by reason of the sale under the writ of execution, and that the attachment bond did not cover such damage. The law relative to attachments provides that:

"All moneys received by the sheriff under the provisions of this chapter and all other attached property shall be retained by him to answer any judgment that may be recovered in the action, unless sooner subjected to execution upon another judgment recovered previous to the issuing of the attachment."

"If judgment be recovered by the plaintiff, the sheriff shall satisfy the same out of the property attached by him which has not been delivered to the defendant or claimant as in this chapter provided, or subjected to execution on another judgment recovered previous to the issuing of the attachment, if it be sufficient for that purpose,—

"1.   By applying on the execution issued on said judgment the proceeds of all sales of perishable or other property sold by him, or so much as shall be necessary to satisfy the judgment;

"2.   If any balance remain due, he shall sell under the execution so much of the property, real or personal, as may be necessary to satisfy the balance, if enough for that purpose remain in his hands.

"Notice of the sale shall be given and the sale conducted as in other cases of sales on execution."

"If, after selling all the property attached by him remaining in his hands, and applying the proceeds, deducting his fees, to the payment of the judgment, any balance shall remain due, the sheriff shall proceed to collect such balance as upon an execution in other cases.   Whenever the judgment shall have been paid, the sheriff, upon reasonable demand, shall deliver over to the defendant the attached property remaining in his hands and any proceeds of the property attached unapplied on the judgment."

"If the defendant recover judgment against the plaintiff, all the proceeds of sales and money collected by the sheriff, and all the property attached remaining in the sheriff's hands, shall be delivered to the defendant or his agent. The order of attachment shall be discharged, and the property released therefrom."

"If the defendant, at any time before judgment, causes a bond to be executed to the plaintiff with sufficient sure-

ties, to be approved by the officer having the attachment, or after the return thereof, by the clerk, to the effect that he will perform the judgment of the court, the attachment shall be discharged and restitution made of property taken or proceeds thereof. The execution of such bond shall be deemed an appearance of such defendant to the action."

"Such bond shall be part of the record, and if judgment go against the defendant, the same shall be entered against him and sureties." Bal. Code, §§ 5366, 5370, 5371, 5373-5375.

The recital in the bond is that the sheriff was commanded to attach and safely keep within his custody all the property of the defendant not exempt, etc., sufficient to satisfy plaintiff's demand, etc.; and the sheriff did thereupon attach (here follows a description of the property afterwards sold). By the terms of the bond the respondent was to be indemnified and saved harmless from all damages, expenses, costs and charges, loss and liability, which he might sustain or in anywise be put to for or by reason of the attachment, seizing, levying, taking or retention, in his custody, under the attachment, the property described in the bond. This language, analyzed, shows that the sheriff was protected against the following:

1. He was protected against all damage by reason of the attachment in anywise occurring.

2. He was protected against all damage by reason of seizing the property under the writ of attachment.

3. He was protected against all damage by reason of levying upon the property under the attachment.

4. He was protected against all damage by reason of taking the property under the attachment.

5. He was protected against all damage by reason of the retention, in his custody, of the property under the attachment.

An examination of the sections of the law cited shows that the very object of the writ of attachment was to seize and hold the property of the debtor for sale to satisfy any judgment recovered against him; that the lien justifying the sale of the property for its satisfaction attached at the moment of the levy of the writ of attachment and remained a continuous lien until the property was finally sold. *Sheppard v. Guisler,* 10 Wash. 41 (38 Pac. 759).

The writ of execution in such case is but the means to discharge the lien, and, if the judgment is not thereby satisfied, may be further executed as an independent writ, as in other cases. The damage that was caused by the sale of the property related back to the seizure of the property under the attachment writ for the purpose of sale in the event of a judgment against the debtor. When the sureties on the bond agreed to indemnify and save the sheriff harmless from any damage by reason of the attachment, that agreement obligated them to protect the sheriff against any damage arising from the attachment. Under the statute it was the duty of the sheriff to retain the attached property to answer any judgment that might be recovered in the action, and when the judgment was recovered the sheriff was required to sell the property which had been attached by him, and the law simply directed that the sale should be as in other cases on execution. These provisions are clearly set forth in the attachment law. This law was in force when the appellants signed the bond. When the appellants executed and delivered the bond to the sheriff, and agreed to indemnify and save him harmless from all damage by reason of the attachment, they obligated themselves to protect the sheriff against each and every act that the law required him to do under the attachment. The law required him to keep his levy and seizure good, to retain the property to answer any judg-

ment that might be recovered in the action, and to satisfy the judgment out of the property attached, and to sell the same, and conduct the sale as in other cases of sale on execution. That is all he did in this case. By reason of the performance of his duties in seizing the property, and in retaining it to satisfy the judgment, and in selling the same as in other cases of sales on execution, he was damaged in the amount of money that he was compelled to pay Campbell and Hatch. From that damage the appellants agreed by their bond to save him harmless. It was within the contemplation of the parties to the bond, that they should protect the sheriff against any damage that he might sustain by reason of his doing what the law requires him to do under the attachment. The law contemplates a sale of the property attached to satisfy the plaintiff's claim. If the property be perishable, or in danger of waste or decay, it may be sold by order of the court before judgment is obtained, and the proceeds retained by the sheriff and applied to the judgment when recovered. If such were done in the case at bar, the appellants could with equal consistency contend that they were not liable because the sale was not made under the attachment writ, but under an order of the court, and that the order of court authorizing the sale was what caused the damage to the respondent. The fallacy of the position is very apparent. The appellants, in their brief, say the office of the writ of attachment expired as soon as the writ of execution was issued, and in fact as soon as the judgment was rendered. This is an incorrect statement of the law. The attachment law specifically directs what shall be done under the attachment after the judgment has been obtained, and that is that the sheriff shall satisfy the judgment out of the property attached by him in the manner provided by statute. The sheriff's return in the case at

bar shows that the property at the time of the receiving of the execution was already in his possession by virtue of the writ of attachment, showing thereby the continuous holding of the property by him under the attachment law. This sale, as we have already said, related back to the seizure of the property for that purpose under the writ of attachment; and the damage resulting therefrom was not only within the contemplation of the parties to the bond, but is within the terms and limitations of the bond.

The judgment of the court below is affirmed.

DUNBAR, C. J., and FULLERTON and REAVIS, JJ., concur.