DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON

[No. 3639. Decided April 22, 1901.]

MARY C. ROSS, *Appellant,* v. HENRY HOWARD *et al., Respondents.*

INJUNCTION — RESTRAINING EXECUTION SALE OF HOMESTEAD — LIABILITY OF CREDITOR'S ATTORNEY.

In a complaint by a wife to restrain the judgment creditor of her husband and his attorney from selling the community real property upon a judgment for the separate debt of the husband, the complaint states no cause of action against the attorney, when it alleges that he has made various attempts to collect the judgment by attempted levy upon property which he knew was not subject to the judgment, and that, actuated by malicious motives, he had been perniciously active in the matter.

PLEADING — AMENDMENT OF COMPLAINT — ABUSE OF DISCRETION.

The fact that the court permits plaintiff to amend her complaint a number of times does not establish in itself an abuse of the discretion given the court in such matters.

SAME — DEPARTURE.

The fact that plaintiff, in an amended complaint adds what she calls "a supplementary amendment," stating that at a time subsequent to the commencement of the action plaintiff and her husband had selected a homestead in the premises in controversy and filed notice thereof pursuant to the provisions of the act of March 13, 1895, does not constitute a departure, where the original complaint had set up a claim of homestead, by alleging that the premises were then, and for more than ten years last past had been, the homestead of the husband and wife.

1—25 WASH.

ACTION BY WIFE .CLAIMING HOMESTEAD — NECESSARY PARTIES.

Under Bal. Code, § 4826, which provides that when the action concerns the wife's right or claim to the homestead property, she may sue alone, a wife may maintain an action in her own name to restrain the sale of the community realty in which she and her husband claim the right of homestead.

HOMESTEAD — MORTGAGE BY DEED ABSOLUTE ON FACE — EFFECT.

An absolute deed of conveyance of real property does not debar the grantor from setting up a claim of homestead therein, when the deed was intended merely as a mortgage.

SAME — TIME OF SELECTION.

Laws 1895, p. 109, which defines a homestead and provides for the manner of selecting the same does not affect prior existing statutes relating to homesteads, which provide that a debtor may select a homestead at any time before sale on execution.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*Lewis & Lewis,* for appellant.

*R. L. Edmiston* and *William T. Birdsall,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Suit instituted by appellant against respondents to restrain them from selling certain real property described in the complaint under an execution upon a judgment against E. S. Ross, the husband of appellant, and in favor of respondent Howard. The complaint, in substance, alleges that the real property attempted to be levied upon is the community estate of appellant and her husband, E. S. Ross, and that the debt upon which Howard's judgment is founded is the separate debt of the husband; that the premises were and are the homestead of appellant and her husband; that a conveyance was theretofore made by appellant and her husband to one Linfield to secure an existing indebtedness, and, while in the form of an absolute deed, was in fact

for security and for the purpose of preventing a cloud upon the title from the judgment of respondent Howard against the husband, E. S. Ross. The cause of action alleged against defendant Edmiston is that he, as the attorney of Howard, has made various attempts to collect the judgment, knowing that the property he attempted to levy upon was not subject to the judgment, and that he had been perniciously active in these matters, and was actuated in his action by malicious motives. Edmiston appeared separately, and demurred to the complaint on the following grounds:

"That the plaintiff has no legal capacity to sue; that there is a defect of the parties plaintiff; that several causes of action are improperly united; and that the complaint does not state facts sufficient to constitute a cause of action."

The court sustained this demurrer upon two grounds: That the plaintiff has no legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action. The other respondents, Howard and Speck, jointly demurred to the complaint upon the same grounds, and their joint demurrer was sustained upon the two grounds mentioned.

The briefs of counsel on each side contain a great deal of irrelevant discussion relating to the apparent motives of counsel in the conduct of the cause in the superior court, and they have not considerably aided the court in the determination of the real controversy involved. We perceive no error in the ruling of the court upon the demurrer interposed by respondent Edmiston. He was acting as attorney for his client, and the general allegations relative to his motives or activity do not state any legal cause of action against him.

Counsel for respondents have devoted considerable at-

tention to the number of amended complaints filed by
counsel for appellant. In one or two instances these com-
plaints were stricken by the superior court, and terms
were imposed upon the filing of the last amended com-
plaint, which was by permission of the court. The vari-
ous amendments to the complaint were purely in the dis-
cretion of the trial court, and no abuse is observed here
in the exercise of such discretion.

Counsel for respondents further urge with vehemence
that an additional cause of action was inserted in the last
amended complaint, setting up a claim of homestead in
connection with the wife's claim to protect community
property against the judgment on a separate debt of her
husband. But an examination of the pleadings shows that
this cause of action was stated in the original complaint
before process was issued. The allegation is found in the
following form:

"That the aforesaid [described premises] are now, and
for more than ten years last past have been, the homestead
of this plaintiff and her husband aforesaid, E. S. Ross."

This allegation was carried through the subsequent
amended complaints, and in the last amended complaint
there was added what the pleader termed "a supplement-
ary amendment," which stated that at a time which was
subsequent to the commencement of this action the plain-
tiff and her husband had, under the act of March 13,
1895, selected the homestead and filed notice thereof, pur-
suant to the provisions of said act. This supplementary
matter, relative to the filing of the notice of homestead,
is entirely immaterial. The statement of the claim of
homestead in the original complaint was a sufficient state-
ment of this cause of action. Thus there was no depart-
ure from the original cause of action stated at the com-
mencement of the suit. The right of the wife to main-

tain a suit to protect the homestead is determined by the statute (Bal. Code, § 4826):

"When a married woman is a party, her husband must be joined with her, except,—When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone."

It is contended, however, that the complaint does not state a cause of action because of the allegation that the property was conveyed by appellant and her husband to Linfield, and therefore they could not maintain a homestead right therein. The rule has been stated otherwise by this court in *Wiss v. Stewart,* 16 Wash. 376 (47 Pac. 736). It was there observed:

"While it appears that the appellant had given what, on its face, purported to be a warranty deed to the land in question, on January 9, 1896, to one Davies, the testimony conclusively shows, and in fact there is no testimony tending to show to the contrary, that the deed was in fact a mortgage to secure a loan, and that a portion of the loan had since been paid."

And it was held that the right to claim the premises was not defeated by the fact that they were mortgaged in that form. It was also determined in that case that the act of March 13, 1895 (Laws 1895, p. 109), does not affect the provision in relation to the time of making the selection of a homestead, but simply undertakes to direct the manner of such selection, and the provision, that such homestead may be selected at any time before sale, is still in effect. These views were again confirmed in *Anderson v. Stadlmann,* 17 Wash. 433 (49 Pac. 1070).

Under these authorities, which are controlling, the complaint states a cause of action against the respondents Howard, the judgment creditor, and sheriff Speck.

The cause is therefore reversed, with directions to the superior court to overrule the joint demurrer of Howard

and Speck, and for further proceedings in accordance with this opinion. .

DUNBAR, FULLERTON, WHITE and ANDERS, JJ., concur.