[No. 4149.   Decided September 20, 1902.]

*In the Matter of the Estate of* HATTIE FEAS, *Deceased.*

HOMESTEAD — SELECTION.

Mere occupancy of property as a home amounted to a selection of a homestead, prior to the enactment of the homestead law of 1895, and a selection made at any time before sale was sufficient to entitle the claimant to exemption.

SAME — COMMUNITY ESTATE — SELECTION AFTER WIFE'S DEATH.

Under the statute permitting either the husband or wife to claim a homestead in community property while both are living, and vesting it in the survivor on the death of either, it is the spirit and intention of the law that a husband may, after his wife's death, select a homestead from the community property for the benefit of himself and family.

SAME — ATTAINMENT OF MAJORITY BY CHILDREN — EFFECT.

Where a homestead in community property has been once lawfully claimed, it continued as a homestead, even though the children have attained their majority and left the parental roof.

SAME — ABANDONMENT.

The fact that a husband who had claimed a homestead in community property belonging to himself and his deceased wife had made conveyances thereof to his children did not constitute an abandonment of the homestead, so as to subject the land to sale for debts of the deceased wife's interest in such community estate.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Reversed.

*Root, Palmer & Brown,* for appellant.

*S. S. Carlisle (Remsberg & Simmonds,* of counsel), for respondent.

The opinion of the court was delivered by

HADLEY, J.—In this cause the administrator filed a petition asking an order for the sale of real estate to pay debts and expenses of administration. Objections to the making of such order as to 150 acres of the land described in the petition were interposed. The particular land involved under the objections is described as 150 acres of the northeast quarter of section 29, township 24 north, range 2 east, situate in Kitsap county, Washington. The grounds of objection to the order of sale, substantially stated, are as follows, viz.: That Hattie Feas died in August, 1892; that said property was acquired from the United States by Abraham S. Feas, while he was the husband of the deceased, Hattie Feas, and was until the time of the death of said Abraham S. Feas, which occurred March 21, 1899, in his actual possession as a homestead for himself and minor children, and that the same has at all times been exempt from all debts and liabilities of said estate; that said Abraham S. Feas, in March, 1895, after the death of his said wife, and while residing upon said land with his minor children, filed with the auditor of Kitsap county a declaration of homestead upon the land;

that prior to his death the said Abraham S. Feas executed and delivered to his children, being seven in number, deeds of conveyance to all of the quarter section above named; that the objector, Carrie M. Feas, is a daughter of said deceased, Hattie Feas, and Abraham S. Feas, and has never parted with her interest in said estate; that she is also the successor in interest to all of the other children and heirs at law of the said Hattie and Abraham S. Feas, excepting William W. Feas, he being the owner of a certain 10-acre tract in said quarter section, the remaining children and heirs having conveyed to the objector by good and sufficient deed all their interest in said property. The objector asks that said land shall not be sold, and that the court shall make an order finding that at all times after the acquirement of the land by Abraham S. Feas it was the homestead for himself and minor children, and was never subject to any indebtedness of the deceased. The objections were overruled by the court, and the land was ordered sold.     From such order the objector has appealed.

The court found that the land did not exceed in value the sum of $1,000 at the time of the death of said Hattie Feas, and that said Abraham S. Feas continuously resided upon the land, and made it his home, from 1883 until his death in 1899, and had at all times living with him minor children of himself and said Hattie Feas.     This property was the community property of Abraham S. Feas and his wife.     It was occupied as a homestead at the time of the wife's death.     The community estate passed into administration after the death of the wife, and it is under that administration that this order of sale was made.     It is urged by respondent that the declaration of homestead filed by the surviving husband in March, 1895, was of no effect because the law of 1895 providing for filing such declaration was not yet in force.     Prior to the law of 1895

there was no provision for such formal declaration, and it was held in *Philbrick v. Andrews,* 8 Wash. 7 (35 Pac. 358), that mere occupancy of property as a home under the law then existing amounted to a selection of a homestead. To the same effect is *Asher v. Sekofsky,* 10 Wash. 379 (38 Pac. 1133). Under the above decisions mere occupancy of land as a home, and any assertion of claim to it as a homestead, before sale, was sufficient. In *Wiss v. Stewart,* 16 Wash. 376 (47 Pac. 736), it was contended that the law of 1895, which provides the manner of selecting a homestead, repealed § 481, 2 Hill's Code, which simply provides that a selection may be made at any time before sale. The court held against the contention and said:

"The latter act in no way affects the provision in relation to the time of making the selection, but simply undertakes to direct the manner of such selection, and the provision that such homestead may be selected at any time before sale is still in effect."

Thus, under the law existing in March, 1895, the surviving husband, being in occupancy of the land as a home with his minor children, thereby asserted claim to it as a homestead, and the written declaration which he filed became positive and confirmatory evidence of such fact, although no law then required him to make and file such formal declaration. If, then, the surviving husband could claim a homestead, it was sufficiently done.

It is urged that a surviving husband cannot claim a homestead in the community interest of his wife after her death. It is undoubtedly the intention of the present law to authorize either the husband or the wife to make such claim while both are living. § 5244, subd. 1, Bal. Code. When selected from the community property, the homestead vests in the survivor upon the death of either

spouse. § 5246, Bal. Code. The purpose of all homestead provisions is to protect the family, including minor children. For that reason a homestead selected by either spouse during coverture vests in the surviving husband, in order that the family composed of himself and minor children may have the benefit of a home. It would seem inconsistent and unreasonable that the law should authorize the parents, during the lifetime of both, to anticipate the welfare of the children by thus selecting a homestead that will vest in the father, and yet at the same time prevent the father from making such selection after the mother's death, if it was neglected before that time. Such a construction would take from a father the power to provide a home for his children, which the law intends he may do. It is argued by respondent that under §§ 6215, 6219 and 6220, Bal. Code, there is no authority in probate proceedings to set aside a homestead except to a widow or to the minor children of a deceased husband. *In re Murphy's Estate, ante,* p. 9 (70 Pac. 109), we had occasion to pass upon a similar contention in reference to allowance for the use of the family pending settlement of an estate. It was contended in that case that such an allowance cannot be made when the community estate is under administration on account of the death of the wife, and can only be made in the event of the husband's death. It was held, however, that since the welfare of minor children is one of the main purposes of the statute, it would defeat that purpose to hold with the above contention. The law was passed in 1854, long before the existence of our community property laws, and when, by the system of separate ownership, a surviving husband controlled his estate, and could use it for the benefit of his minor children. Now, however, the community estate passes into administration, leaving the surviving husband

without means to care for the family of minor children, if no allowance can be made from the estate. We held that the earlier law must be construed in connection with the later community law so as to effect the real purpose intended in the way of providing for minor children. The same reasoning applies to the' homestead which is under consideration in the case at bar. We think it is the manifest spirit and intention of the law that a husband may, after his wife's death, select a homestead from the community property for the benefit of himself and family.

It is contended in support of the order of sale in this case that at the time it was sought to subject this property to sale there were no minor children, and that the property had been abandoned as a family residence. We do not think, however, that such facts constituted an abandonment of the homestead. There were a number of minor children when the homestead was claimed as such, and there was never any abandonment thereof by the father. It is true he conveyed it to his children, but that was not an abandonment. Our law provides for a conveyance of the homestead, and to make such conveyance effectual the grantor must have the privilege of leaving it and establishing his residence elsewhere after it has been so conveyed. Moreover, under the law of 1895 a homestead can be abandoned only by a declaration to that effect, duly executed and acknowledged. § 5220, Bal. Code. While Abraham S. Feas held this land as a homestead free from debts of the community estate, he conveyed it to his children, who in turn have conveyed it to their sister, the objector here. The grantees of Mr. Feas took the land as he held it free from obligations of the estate. Carrie M. Feas, their grantee, holds it likewise, and it is not, therefore, subject to sale for debts of the estate.

For these reasons we think the order of sale was er-

roneously made. The judgment is, therefore, reversed, and the cause remanded, with instructions to the lower court to dismiss the petition to sell in so far as it relates to property included in the objections.

REAVIS, C. J., and FULLERTON, MOUNT, ANDERS, DUNBAR and WHITE, JJ., concur.