[No. 12628.   Department Two.   April 5, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Adam Jakubowski et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

HOMESTEAD — DECLARATION OF HOMESTEAD — EXECUTION. Under Rem. & Bal. Code, § 529, a declaration of homestead must be filed prior to the date of execution sale of the premises, in order to preserve a homestead right as against an execution purchaser.

CERTIORARI—APPLICATION FOR WRIT—TIME. An application for a writ of certiorari to review a decree of foreclosure is not timely when made more than ninety days subsequent to the entry of the decree, since it must be made within the time limited for appeals from judgments.

Application filed in the supreme court February 8, 1915, for a writ of certiorari to review proceedings of the superior court for King county, Mitchell, J. Denied.

*Vince H. Faben,* for relators.

*Jay C. Allen,* for respondent.

MAIN, J.—This is an original application in this court for a writ of certiorari. On January 23, 1911, the relators

[1]Reported in 147 Pac. 408.

made, executed, and delivered to one Joseph Kraus a mort-gage upon certain real estate in King county, Washington, to secure the principal sum of $2,500; and on January 4, 1912, a second mortgage between the same parties and upon the same real estate was executed to secure the principal sum of $500. On May 19, 1914, the mortgagee, Joseph Kraus, filed his complaint in the superior court for King county praying for a foreclosure of both mortgages, and also,

"That the said plaintiff, or any of the other parties to this suit may become a purchaser at such sale, and that the sheriff issue a deed to such purchaser, and that such pur-chaser be let into the immediate possession of said premises upon the confirmation of such sale by the court herein."

The relators, in their amended answer to the complaint in foreclosure, set up affirmatively that they claimed the prem-ises covered by the mortgages as their homestead. The plaintiff, by reply, denied the affirmative matter pleaded in the amended answer. On the issues framed, the trial court, on October 10, 1914, made findings of fact and conclusions of law in favor of the plaintiff, and among other things con-cluded:

"That any party to this action may become a purchaser at said sale, and that the purchaser be let into the immediate possession of the premises."

On the same date, a decree of foreclosure was entered and, in the same language as heretofore quoted, it was decreed that the purchaser be let into the immediate possession of the premises.

On November 28, 1914, the sheriff of King county sold the premises described in the mortgages to Joseph Kraus, the plaintiff, who demanded of the relators the immediate possession, which they refused. On December 12, 1914, an order confirming the sale was entered. On December 30, 1914, the plaintiff filed in the superior court his petition for a writ of assistance. On the same day, the court entered an order directing that a writ of assistance issue to the sheriff

of King county to put the plaintiff and Pasquale Picardo, who had obtained an interest in the property from the plaintiff under the certificate of purchase, into possession of the premises. The writ was on the same day issued. On January 4, 1915, the relators filed in the superior court their petition wherein they prayed that the writ of assistance be quashed and that they be allowed to remain in the possession of the premises during the year provided by law for the redemption thereof. Thereupon an order was entered fixing January 8, 1915, as the date for hearing the petition to quash the writ of assistance, and pending the hearing the writ was recalled and the sheriff ordered to withhold execution thereunder.

On January 4, 1915, a written declaration of homestead, signed by the relator Anna Jakubowski, wherein the premises involved were claimed as the homestead of the relators, was filed for record in the office of the county auditor for King county. On February 2, 1915, the petition to quash the writ of assistance having been heard, the superior court ordered that the restraining order theretofore issued against the writ of assistance be set aside and held for naught, and that an alias writ of assistance forthwith issue and be by the sheriff executed, placing the plaintiff Joseph Kraus and Pasquale Picardo in possession of the premises. Thereafter, and on February 8, 1915, the relators filed in this court their petition for a writ of review.

There are two possible theories upon which this application may be based. One is for the purpose of establishing the right of the relators to occupy the premises as a homestead during the redemption period, based upon the declaration of homestead filed on January 4, 1915. The other is that the application is for the purpose of reviewing the judgment of foreclosure entered on October 10, 1914. If the application be construed as one for the purpose of establishing rights under the declaration of January 4, 1915, the writ must be denied because this declaration was filed subse-

quent to the sale. In order to preserve a homestead right as against a purchaser on execution, it is necessary that the declaration of homestead be filed prior to the date of the sale. Rem. & Bal. Code, § 529 (P. C. 81 § 863); *Wiss v. Stewart,* 16 Wash. 376, 47 Pac. 736; *Anderson v. Stadlmann,* 17 Wash. 433, 49 Pac. 1070; *Ross v. Howard,* 25 Wash. 1, 64 Pac. 794; *In re Feas' Estate,* 30 Wash. 51, 70 Pac. 270.

On the other hand, if the application for a writ of review is to review the judgment of foreclosure entered on the 10th day of October, 1914, the application is not timely. The application being filed on February 8, 1915, was made more than ninety days subsequent to the entry of the judgment. An application for a writ of review must be made within the time fixed by statute for an appeal from such judgment. *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726; *State ex rel. Alexander v. Superior Court,* 42 Wash. 684, 85 Pac. 673; *State ex rel. Tumwater Power & Water Co. v. Superior Court,* 56 Wash. 287, 105 Pac. 815.

The writ will be denied.

MORRIS, C. J., ELLIS, CROW, and FULLERTON, JJ., concur.