[No. 16325. Department One. September 15, 1921.]

SECURITY NATIONAL BANK, *Appellant,* v.
A. H. MASON *et al., Respondents.*[1]

HOMESTEAD—CONSTRUCTION OF LAW. Homestead laws are to be liberally construed.

SAME (35)—TIME FOR MAKING CLAIM. The first part of Rem. Code, § 529, declaring the homestead of every head of a family exempt from execution or attachment is still in force; and, under the last sentence, providing that such homestead may be selected at any time before sale, a judgment creditor acquires no priority of lien through filing a writ of attachment before the debtor makes his declaration of homestead.

SAME. As against a purchaser on execution sale, a homestead declaration must be filed before sale.

HOMESTEAD (38-40)—ACTIONS—CLAIM OF HOMESTEAD—PLEADING. Failure of judgment debtors to set up and claim a homestead in the action in which attachment issued (but which was done before execution sale) does not preclude or bar them from pleading, in an action by the execution purchaser to determine title, that the land was exempt as a homestead.

[1]Reported in 200 Pac. 1097.

Appeal from a judgment of the superior court for Douglas county, Hill, J., entered October 23, 1920, upon findings in favor of the defendants, in an action of ejectment, tried to the court. Affirmed.

*Charles P. Lund,* for appellant.

*Fred M. Williams,* for respondents.

HOLCOMB, J.—This action is in ejectment to determine the title to the northeast quarter of section 32, township 29, north, range 26, E. W. M., in Douglas county, Washington. On November 23, 1915, and for some time prior thereto, Mason and wife were owners in fee of the real estate, and in occupancy thereof. On October 23, 1914, defendant A. H. Mason, acting for the community, executed and delivered to appellant bank a promissory note for $2,000, and thereafter, on November 23, 1915, the bank commenced an action in the superior court for Spokane county against Mason and wife upon the note. Personal service was had upon both defendants. At the commencement of the action, the bank caused a writ of attachment to be legally sued out, directed to the sheriff of Douglas county, Washington, which, on November 26, 1915, was duly levied upon the real estate in question. The bank also, on November 26, 1915, caused a *lis pendens* to be filed in the auditor's office of Douglas county, Washington. A. H. Mason defaulted, and his wife, Annie E. Mason, filed an answer in the case in Spokane county, but did not appear to contest the action. On February 10, 1916, the Spokane court made findings of fact, conclusions of law and judgment in favor of appellant for the full amount demanded. Appellant was granted judgment against both the Masons, and the writ of attachment was in all respects declared to be valid and lawfully sued out, and the real

estate theretofore attached directed to be sold by the sheriff of Douglas county, under the writ of execution issued under the Spokane county judgment, as provided by law. Pursuant to that judgment, an execution was duly issued, directed to the sheriff of Douglas county, who, acting thereon, on April 22, 1916, sold the real estate involved, in the manner provided by law, and issued a certificate of sale therefor to appellant. Thereafter the sale was duly confirmed, and on May 8, 1917, no redemption having been made, the sheriff of Douglas county issued a deed to appellant.

After the commencement of the Spokane county action, and the issuance and levy of the writ of attachment, and the filing of the *lis pendens* in the auditor's office of Douglas county, to wit, on December 2, 1915, the defendants, Mason and wife, executed and delivered to C. D. Martin and E. E. Garberg a warranty deed in the usual form for the real estate involved, which deed was duly recorded in the auditor's office of Douglas county. Afterwards, on February 17, 1916, Mason and wife took a reconveyance of the property by way of a quitclaim deed from Martin and Garberg and their wives, which was duly recorded. Appellant calls this transaction a repurchase by Mason and wife from Martin and Garberg of the real estate. Having repurchased the real estate subject to the attachment lien of plaintiff, as appellant claims, on March 4, 1916, Mason executed, acknowledged and filed in the auditor's office of Douglas county, Washington, a declaration of homestead, and no declaration of abandonment has ever been made. It will be noted that this declaration of homestead was made after judgment in the case in Spokane county, but before sale under execution. Mason and wife claiming title, and having possession, appellant brought this suit.

On the issue of fact of whether or not the conveyance by Mason and wife to Martin and Garberg was in fact an absolute conveyance or a mortgage, the trial court found that the deed was intended to be, and was, in fact, an absolute deed of conveyance of the real estate, and vested title thereto in Martin and Garberg, subject to the attachment of plaintiff. The trial judge, however, decided that the conveyance by Mason and wife to Martin and Garberg, and the reconveyance by Martin and Garberg to Mason and wife, did not cut off the statutory right of homestead, and that is the sole question to be determined on this appeal.

No statement of facts or bill of exceptions was brought up, and the question has to be determined solely upon the findings of fact and conclusions of law.

Appellant urges two propositions to justify a reversal: First, defendants could not, by purchasing the real estate, already burdened with the lien of plaintiff's attachment, obtain a better title or greater rights than their grantors had therein; and second, the judgment of the superior court for Spokane county in which the attachment was issued, and the final judgment rendered directing the sale of the real estate involved, is *res judicata* between the parties.

It is first contended that the attachment in the Spokane county suit created a specific lien *in rem* against the real estate here involved, and that when the judgment was granted expressly preserving the attachment lien, that the execution preserved the specific lien against the property under the judgment. *Sheppard v. Guisler,* 10 Wash. 41, 38 Pac. 759, and *Van De Vanter v. Davis,* 23 Wash. 693, 63 Pac. 555, are cited as sustaining the above contention.

We have uniformly held, since the earliest days of statehood, that homestead and exemption laws are to be liberally construed, because of the interest that the

public has in the maintenance and protection of the home of the individual citizen. Such laws were commanded to be enacted by art. 19, § 1, of our constitution. Prior to statehood, the territorial legislature had provided that:

"There shall be also exempt from execution and attachment to every householder being the head of a family, a homestead, etc. . . . Such homestead may be selected at any time before sale." Code of 1881, § 342, p. 76; Rem. Code, § 529.

We held in *Wiss v. Stewart,* 16 Wash. 376, 47 Pac. 736; *Anderson v. Stadlmann,* 17 Wash. 433, 49 Pac. 1070; *Ross v. Howard,* 25 Wash. 1, 64 Pac. 794; *In re Feas' Estate,* 30 Wash. 51, 70 Pac. 270, and *State ex rel. Jakubowski v. Superior Court,* 84 Wash. 663, 147 Pac. 408, that the last sentence of that section, "that such homestead may be selected at any time before sale," was not superseded by the Laws of 1895, ch. 64, p. 109, relating to the manner of selection and the value of a homestead, but that that chapter merely superseded all other laws relating to the method of selecting or declaring a homestead, and the value thereof. The same reasoning leaves in force the first portion of § 342 of the act of 1881, as follows: "There shall be also exempt from execution and attachment to every householder being the head of a family, a homestead." There is no other declaration outside of the constitutional requirement, which we have held is not self-executing, "that there shall be exempt," etc., "a homestead." We held, also, in *Snelling v. Butler,* 66 Wash. 165, 119 Pac. 3, and in *Kenyon v. Erskine,* 69 Wash. 110, 124 Pac. 392, that a judgment becomes a lien upon property, subject to the right of the owners of the property to defeat execution sale by the filing of a homestead declaration. When the declaration is

filed the property becomes a homestead, and as such it is exempt from execution and forced sale.

We also held in the *Jakubowski* case, *supra,* that in order to preserve the homestead right as against a purchaser on execution, it is necessary that the declaration of homestead be filed prior to the date of the sale. Such was the fact in this case. Appellant argues, however, that these holdings do not mean that the judgment debtors may purchase the property burdened with a lien and thereby avoid such lien, which might have been enforced against their grantors except for the conveyance. That is not the case here. Appellant could not have enforced its judgment against the property passing to Martin and Garberg unless the property went to them burdened with a specific lien by attachment; but in the hands of the Masons, the owners, it was as much subject to homestead exemption against the attachment as against the execution, for they could declare the homestead in the premises at any time before sale, and appellant could not have prevented it.

Under the authorities generally, had the homestead declaration been made before the writ of attachment was sued out, the writ of attachment would not have created even the appearance of a lien against the real estate; and since our statute provides that the declaration of homestead may be made "at any time before sale," one cannot acquire a prior lien, defeating a right of homestead, by a writ of attachment. The trial judge observed:

"The transfer by the Masons of the title to the property burdened with the judgment lien did not constitute such lien a thing that inhered in or attached to the property independently of the personal obligation of the defendants evidenced by the judgment. Such lien, for its enforcement, must depend on an exe-

cution under said judgment, and a sale under such execution would be a forced sale to compel the payment of the personal obligation of the defendants. The defendants having impressed the land in question with the character of a homestead prior to the execution sale thereof under which plaintiff claims title thereto, said sale was such as the law prohibits and was therefore void."

We believe the above observations are correct.

It is further claimed by appellant that the judgment of the superior court for Spokane county, in which the attachment was issued and final judgment entered, and in which the Masons were personally served and the wife appeared and defended, is *res judicata*. It is asserted that the right of a homestead, if any had been claimed or intended to be claimed, should have been asserted by the judgment debtors. The case of *Brandon v. Leavenworth,* 99 Wash. 339, 169 Pac. 867, is cited as conclusive. In that case judgment was recovered and execution issued and returned *nulla bona*. Afterwards an action in the nature of a creditors' bill was instituted, demanding that the deed from Brandon to his wife be set aside on the ground that it was made for the purpose of defrauding respondents, and that the judgment in the former suit be decreed a specific lien upon the property, and that it be sold to satisfy the judgment. Four or five days before answering, appellants filed their claim of homestead in the office of the auditor of the proper county. A trial was had and decree entered declaring the deed fraudulent and the judgment a lien, and ordering the property sold on execution. The decree was not appealed from. Thereafter the property was sold and bought in by respondents for the amount of their judgment, and the sale duly confirmed. It was held that, although appellants had filed a declaration of homestead at the

time they answered in the suit to subject their property to the lien of the judgment, they did not plead it in bar of that action. The same rule was stated in *Traders Nat. Bank of Spokane v. Schorr,* 20 Wash. 1, 54 Pac. 543, 72 Am. St. 17, in an action in the nature of a creditors' bill.

It will be observed that both of these actions were creditors' actions brought to set aside specified fraudulent conveyances and subject the debtor's real estate to the prior judgment lien. This court simply held in both actions that the judgment debtors were put upon their defenses to show any superior right or title they had which would prevent the enforcement of the judgment lien set up in the creditors' bill. The last cited case simply followed the first case cited, to the effect that it was the duty of the debtor to plead that the land was exempt for homestead, they having prior thereto filed their declaration of homestead in the suit brought to subject the land to the lien of the judgment. And that is exactly what respondents have done in this case. They have pleaded that the land was exempt as a homestead, and set up their declaration of homestead.

We conclude that the judgment of the trial court was correct.

Affirmed.

PARKER, C. J., FULLERTON, BRIDGES, and MACKINTOSH, JJ., concur.