[No. 18536. Department Two. January 9, 1925.]

FIRST NATIONAL BANK OF PASCO, *Respondent*. v.
JOHN C. GALLOWAY *et al., Appellants.*[1]

JUDGMENT (227)—CONCLUSIVENESS—BAR—MATTERS NOT IN ISSUE.
Judgment on a creditor's bill, setting aside a conveyance to a
wife as a fraud upon the husband's creditors, and decreeing the
land subject to the lien of a prior judgment against the husband, is
not *res adjudicata* of the debtor's right to claim a homestead prior
to sale on execution, there having been no previous claim of a
homestead, which was unnecessary while the title stood in the name
of the wife.

HOMESTEAD (35)—TIME FOR MAKING CLAIM. A homestead may
be claimed at any time before execution sale, under Rem. Comp.
Stat., § 529, expressly so providing; notwithstanding that a decree
in a creditor's bill setting aside a conveyance to a wife declares
the land is subject to the lien of the judgment upon which exe-
cution issued against the husband, where no homestead had been
previously claimed.

Appeal from an order of the superior court for
Franklin county, Truax, J., entered November 13,
1923, confirming a sale of real property on execution,
after a hearing before the court. Reversed.

*Chas. W. Johnson,* for appellants.
*Driscoll & Horrigan,* for respondent.

MITCHELL, J.—On September 26, 1922, the First Na-
tional Bank of Pasco obtained a judgment against J. C.
Galloway in the superior court of Franklin county, on
his promissory note to the bank, dated March 24, 1921.
An execution on that judgment was returned *nulla
bona.* Thereupon the bank commenced an action
against Galloway and his wife, by personal service of
summons and complaint, for the cancellation of a deed
to certain real property in Franklin county, made and

[1]Reported in 232 Pac. 270.

delivered in September, 1921, by Galloway to his wife, alleging the conveyance to have been made in fraud of the rights of creditors, including the bank. The last named suit resulted in a judgment setting aside the deed and holding and declaring the real property to be subject to the lien of the judgment in the first case, and ordering that all, or so much of it as may be necessary, be sold under execution according to law to satisfy that judgment. A general execution, dated July 6, 1923, was taken out on the judgment in the first case, not describing any particular property, and placed with the sheriff for levy and sale.

On September 12, 1923, the sheriff levied on the real property involved in this action, the deed to which from Galloway to his wife had been cancelled by the judgment in the second suit, and advertised it for sale to take place on October 13, 1923. On October 2, 1923, Galloway and wife made, executed and filed with the county auditor their duly acknowledged declaration of homestead, in statutory form, of the real property involved. The bank became the purchaser at the sheriff's sale, the judgment creditor having ignored the statutory procedure for the sale of a homestead. It appears that Galloway and wife notified the sheriff prior to sale that they claimed the property as exempt under their declaration of homestead, and certain it is that they filed such objections to the confirmation of the sale. The objections were overruled, however, the court holding that "the declaration of homestead was void and not filed within the time required by law," and that Galloway and his wife were precluded from claiming a homestead in the lands by virtue of the judgment in the cancellation suit.

Galloway and his wife have appealed, insisting upon their rights under the plain provision of Rem. Comp.

Stat., § 529 [P. C. § 7849], that "such homestead may be selected at any time before sale," and under decisions of this court, including that of *Security National Bank v. Mason,* 117 Wash. 95, 200 Pac. 1097. On the contrary, the bank relies on the doctrine of *res adjudicata* as expounded and applied in the cases of *Traders' National Bank of Spokane v. Schorr,* 20 Wash. 1, 54 Pac. 543, 72 Am. St. 17, and *Brandon v. Leavenworth,* 99 Wash. 339, 169 Pac. 867, and contends that it was the duty of the appellants to assert their homestead rights in defense of the creditors' bill against them, at the risk of being precluded from thereafter doing so.

It is to be noticed that the cases just referred to, and others therein spoken of, do not cover a state of facts similar to those in the present case. In the case of *Security National Bank v. Mason, supra,* this court, in speaking of the cases of *Traders' National Bank of Spokane v. Schorr,* and *Brandon v. Leavenworth, supra,* said:

"It will be observed that both of these actions were creditors' actions brought to set aside specified fraudulent conveyances and subject the debtor's real estate to the prior judgment lien. This court simply held in both actions that the judgment debtors were put upon their defenses to show any superior right or title they had which would prevent the enforcement of the judgment lien set up in the creditor's bill. The last cited case simply followed the first case cited, to the effect that it was the duty of the debtor to plead that the land was exempt for homestead, they having prior thereto filed their declaration of homestead in the suit brought to subject the land to the lien of the judgment."

But in the present case there was no declaration of homestead in existence at the time appellants made answer to the  bank's creditors' bill, nor at the date

of the judgment therein. No such a defense could have been asserted because the fact did not exist. Upon the record, the legal title to the real property was in Mrs. Galloway in her own separate right, and as long as it remained so there was no need of a declaration of homestead to preserve it against the judgment debt of her husband. They resisted that action, unsuccessfully, and upon entry of the decree cancelling the deed by which he had conveyed the property, he and his wife filed their homestead prior to the sheriff's sale.

There is neither rule nor reason which requires one in the defense of a creditor's bill to plead that certain property is a homestead when it is not, or that it is the purpose of the defendant to file a declaration of homestead in the future, in order to avoid the rule of *res adjudicata,* when the statute provides that the homestead may be selected at any time before sale— not before judgment. Had the property not been conveyed to Mrs. Galloway but stood in his name at the date of the bank's judgment in the first case, it would have been impressed with the lien of that judgment, from which it could have been freed by a subsequent selection of a homestead prior to sale on execution. But the title not being in his name at that time, resort to a cancellation of his deed was necessary to make the property subject to the lien of judgment, after which the property stood in relation to the judgment similar to that created by statute in the case of real property not already selected as a homestead under the lien of a general judgment.

Nor did the provision in the judgment in the suit for cancellation of the deed, that a part or all of the property be sold to satisfy the judgment, establish any greater right against the subsequent selection of the homestead prior to sale than would have been the

case under the statute without that provision in the judgment. The sheriff's sale relied on was not had in the suit against Galloway and wife, but on a general execution in the action against Galloway alone. It was a forced sale to compel the payment of the personal judgment against him that in no way inhered in or attached to the property independently of that judgment. The statute, Rem. Comp. Stat., § 529, *supra,* says that the homestead shall be exempt from execution and attachment, with certain exceptions mentioned in § 533 [P. C. § 7864], not applicable here.

Under the common and uniform holding that homestead and exemption laws are to be liberally construed, as stated in *Security National Bank v. Mason, supra,* and many cases therein cited, it must be held that the selection of the homestead in this case was timely, and that the purported sale thereof by the sheriff was such as the law prohibits, and therefore void.

Reversed.

MAIN, C. J., PEMBERTON, BRIDGES, and FULLERTON, JJ., concur.