**In re SHELTON.**

No. 38438.

United States District Court
W. D. Washington. N. D.

Feb. 7, 1952.

Kennett, McCutcheon & Soderland, Seattle, Wash., for bankrupt.

Bryce Black, Everett, Wash., for trustee.

J. P. Hunter, Everett, Wash., for H. J. Hopkins, judgment creditor.

LINDBERG, District Judge.

This matter is before the court on petition of the bankrupt for review of the order of the referee so far as it subjected the bankrupt's homestead exemption to payment of a portion of the amount due under a mortgage given by bankrupt on the homestead property to the First Federal Savings & Loan Association of Everett, Washington, the proceeds of the bankrupt estate being sufficient after payment of prior charges to pay the full amount due under the mortgage as well as the full amount of the statutory homestead exemption. The issue, in substance, becomes one between the bankrupt and the judgment creditors.

The principal facts so far as here material may be taken from the referee's summary of the evidence as follows:

"In 1943 the bankrupt duly and regularly established her right to a homestead in a house and lot at Mukilteo by filing with the Auditor of Snohomish County a Declaration of Homestead and thereafter judgments were entered in favor of Union Oil Company of California, H. L. Steiner and H. J. Hopkins, and others, in various sums, the total of which far exceed the amount realized from the sale of the real estate.

. "On March 13, 1950, the bankrupt filed her voluntary petition in bankruptcy and was adjudged a bankrupt and her claim for exemption as a homestead in the house and lot at Mukilteo to the extent of $4,000.00 was duly claimed, and thereafter the bankrupt and all the lien creditors, including the judgment creditors and the First Federal Savings & Loan Association of Everett, the mortgagee, stipulated that the property be sold and their claims, liens and rights be transferred to the proceeds of sale and

630

pursuant to such stipulation, the Trustee sold the property and received therefor the sum of $7,000.00."

The declaration of homestead was filed first. The judgments involved were filed second. The mortgage in question was executed third.

The Washington statutes pertaining to homesteads and exemptions may be found at §§ 528–552, Rem.Rev.Stat., as amended by Chapter 196, Laws of 1945. Section 528 provides for a homestead; Section 532 provides that the homestead is exempt from execution or forced sale except as by law provided; Section 533 makes the homestead subject to execution or forced sale in satisfaction of judgments obtained: (1) On debts secured by mechanic's, etc. liens, and (2) On debts secured by a mortgage. Sections 537 to 551 provide a method through which a judgment creditor, other than a judgment creditor for a mechanic's lien or mortgage, may secure an appraisement of the homestead property and if the property is incapable of division may have the property sold and the receipts of sale divided. There is no contention here that the judgments involved were such as are included in Section 533, i. e. debts secured by mechanic's or similar liens and it is undisputed that none of the judgment creditors took action at any time looking toward proceedings on execution against the homestead property as provided in Rem.Rev.Stat. §§ 537 to 551, supra.

■ Under the decisions of the Supreme Court of the State of Washington a general judgment-lien does not operate upon, and does not attach to, premises which constitute a homestead. Traders' National Bank v. Schorr, 20 Wash. 1, 54 P. 543; Lyon v. Herboth, 133 Wash. 15, 233 P. 24; Smalley v. Laugenour, 30 Wash. 307, 70 P. 786; Meikle v. Cloquet, 44 Wash. 513, 87 P. 841 and Security National Bank v. Mason, 117 Wash. 95, 200 P. 1097.

■ It is clear, therefore, that at the time of the execution of the mortgage here involved none of the judgment creditors held or had a lien on the homestead property.

In what respects then are the bankrupt's rights or interests under her homestead exemption modified or restricted by virtue of the execution of the mortgage here involved? It would appear from the referee's "statement of question decided" set forth in his certificate on review that the referee proceeded on the theory that the bankrupt, in some manner, *mortgaged her homestead right* as distinguished from the entire homestead property. Such theory or assumption and the referee's conclusion resulting therefrom cannot be concurred in without examination. It must be admitted that the mortgage covered the homestead right, but can it be successfully contended that it did not at the same time and in the same measure include the entire property?

■ Homestead and exemption laws are favored in the law and are to be liberally construed. See Security National Bank v. Mason, 117 Wash. 95, 98, 200 P. 1097; State ex rel. White v. Douglas, 6 Wash.2d 356, 358, 107 P.2d 593; In re Poli's Estate, 27 Wash.2d 670, 674, 179 P.2d 74.

The decisions flow steadily in favor of the protection of homesteads to the last degree and unless there is something in the Washington statutes or decisions to the contrary there seems to be no reason why the proceeds from the sale of the homestead property, if sufficient, should not be used to fully protect the homestead as well as the mortgage. In re Barrett's Estate, D.C.Oregon, 140 F. 569. The court's attention has not been called to nor has the court been able to find any Washington statute or Washington Supreme Court decision indicating or reaching a contrary conclusion. However, the Supreme Court of California in the case of White v. Horton, 154 Cal. 103, 97 P. 70, 72, 18 L.R.A., N.S., 490, rendered a decision which is enlightening. There the court interpreted statutes involving homesteads and homestead exemptions which were for all material purposes identical with those of the State of Washington. One Horton gave a mortgage upon land in Los Angeles. Later he made a declaration of homestead upon the mortgaged property for the benefit of himself and family. Subsequently Menner recovered a judgment against Horton in

the sum of $4,000 with interest and costs. Thereafter the mortgagee White began a mortgage foreclosure. While the action was pending Menner caused appraisers to be appointed to value the homestead which resulted in a valuation exceeding $10,000 and a finding that the property was indivisible. The property was sold and the question involved the disposition of the proceeds. In reaching a conclusion the court reasoned as follows:

"Here, again, is distinct recognition of the fact that where a homestead is mortgaged, or is declared upon land subject to a mortgage, it is not the exemption which is mortgaged but the whole property, and there is a further recognition of the position contended for by appellants that the homestead exemption still exists and is to be recognized, subject always and only to reduction in amount to satisfy the just demand of the mortgagee.

"But, turning from the consideration of these analogous cases, all doubts and difficulties are resolved if appellants' rights are viewed in the light of the code provisions. So viewing them, the incidental fact that the homestead was sold under foreclosure proceedings may be eliminated as not pertinent. The condition, then, confronting the judgment creditor who had taken steps to subject the homestead to sale under the provisions of the Civil Code, was that the appraisers had found that the homestead could not be divided, and that it was the value of about $11,000. If, then, the judgment creditor had proceeded, as she had an undoubted right to proceed, and caused the property to be sold (Civ.Code, § 1254), the purchaser at such sale would have acquired the property subject to the lien of plaintiff's $4,000 mortgage. By reason of this mortgage, which, of course, would not be affected by these proceedings, the land on sale would bring $7,000. What disposition would and should be made of that $7,000? The Code furnishes a ready and complete answer. 'If the sale is made, the proceeds thereof to the amount of the homestead exemption must be paid to the claimant, and the balance applied to the satisfaction of the execution.' Civ.Code, § 1256. To summarize: The land under this sale would still be subject to the mortgage so that the mortgagee would retain his security unimpaired. The first $5,000 resulting from the sale would be paid as the homestead exemption fund to those entitled to it, the balance only, amounting, in the instance we have cited, to $2,000, would be available to meet the demands of the judgment creditor.

"It follows from the foregoing that the court by its decree should have apportioned the funds arising from the sale of the homestead as follows: First, to the satisfaction of the claim of the mortgagee; second, $5,000 to appellants Horton as their homestead exemption fund, and the residue to the judgment creditor Menner."

 This court believes the reasoning of the court in the foregoing case persuasive and applicable to the statutes of the State of Washington here involved. Accordingly it is the opinion of the court that the bankrupt in executing the mortgage to the First Federal Savings & Loan Association of Everett, Washington, did not thereby waive or modify any of her homestead exemption rights except as to the mortgagee. The order of the referee should be modified so far as it reduces payment of the homestead exemption to the bankrupt below the statutory allowance.

If deemed necessary or advisable order in conformity herewith may be presented, after notice.