[No. 4412. Decided March 26, 1903.]

Mary C. Ross, *Respondent*, v. Henry Howard *et al.*,
*Appellants.*

COMMUNITY PROPERTY — EQUITABLE INTEREST IN LAND — LIABILITY
FOR SEPARATE DEBT OF ONE SPOUSE.

Equitable interests in land, held by a husband and wife as
community property, are not subject to sale on an execution
issued on a judgment rendered for the separate debt of either
spouse.

SAME — DISTINCTION BETWEEN REAL PROPERTY AND REAL ESTATE —
CONSTRUCTION OF STATUTE.

Bal. Code, § 4491, which provides that the husband has the
management and control of the "community real property," but
shall not sell, convey, or incumber the "community real estate,"
unless the wife join with him, does not recognize a distinction as
existing between "real estate" and "real property," in view of the
fact that those terms are used indiscriminately in the several
sections of the statute relating to the acquisition and disposi-
tion of real property.

CONVEYANCE AS MORTGAGE — PAROL EVIDENCE.

An absolute deed of conveyance, whether in form a warranty
or quit-claim, may be shown by parol evidence to be a mortgage.

Appeal from Superior Court, Spokane County.—Hon.
George W. Belt, Judge. Affirmed.

*R. L. Edmiston* (*William T. Birdsall*, of counsel), for
appellants.

*William S. Lewis*, for respondent.

The opinion of the court was delivered by

Fullerton, C. J.—On June 6, 1898, the respondent
and her husband, E. S. Ross, being then the owners of cer-
tain real property situate in Spokane county, executed and
delivered to one F. E. R. Linfield an instrument in the

form of a warranty deed, purporting to convey the property to her for the consideration of one dollar. On the 15th of June following, the appellant Howard recovered a judgment in the superior court of Spokane county against E. S. Ross, on which he caused a writ of execution to issue, and to be placed in the hands of the other appellant, who was then sheriff of Spokane county, for execution. The sheriff, under the direction of the judgment creditor, levied upon the real property above mentioned, and was proceeding regularly to sell the same when this action was brought to restrain him from so doing. The question of the respondent's right to maintain the action, and the question of the sufficiency of the complaint, were before this court and determined in a former appeal. 25 Wash. 1(64 Pac. 794). After the remittitur went down on the determination of that appeal, issue was joined on the merits of the action, and a trial had, which resulted in a finding to the effect that the deed to the property mentioned was intended to be, and was in fact, a mortgage; that the property was the community property of the respondent and her husband; that the judgment recovered by the appellant Howard was the separate debt of E. S. Ross, and not a lien upon the real property of the community. A judgment restraining the sale of the property, and quieting the title thereto against the apparent lien of the judgment, was thereupon duly entered.

The appellants do not deny that the real property in question was, prior to the execution of the deed from the respondent and her husband to F. E. R. Linfield, the community real estate of the respondent and her husband. Nor do they deny that the debt on which the judgment of the appellant Howard was founded was the separate debt of E. S. Ross. But the contention is, as we understand it,

that the statute makes a distinction between community *real estate* and community *real property,* protecting the former from sale under execution on a judgment for the separate debt of either spouse, but rendering the latter liable when the separate debt is the debt of the husband. The particular section of the statute which is thought to make this distinction is § 4491 of Ballinger's Code, and reads in part as follows: "The husband has the management and control of the community *real property,* but shall not sell, convey, or encumber the community *real estate,* unless the wife join with him in executing," etc., the instrument of conveyance. It is said that "chattels real, equitable interests in land, etc.," are meant by the term "community real property," while legal title in fee in either spouse constitutes "community real estate"; that as the husband has the management and control of the former, and is forbidden to incumber the latter only, it must follow, analogous to the ruling of this court to the effect that community personal property is subject to sale on execution issued on a judgment rendered on the husband's separate debt, that community real property is also subject to sale; and, further, that the deed from the respondent and her husband to Mrs. Linfield changed their estate in the lands from a legal to an equitable estate, or, as the appellants would have it, from real estate to real property, and thereby rendered it subject to sale to satisfy the husband's separate debt. *Calhoun v. Leary,* 6 Wash. 17 (32 Pac. 1070), is said to maintain this principle. But what we held in that case was that the community's equitable interest in real property could be sold on execution to satisfy a judgment for a community debt, not that it could be so sold to satisfy a judgment for the separate debt of either spouse. This is far from holding that there is a

distinction between community real property and commun-
ity real estate, or that an equitable interest of a community
in real property can be sold to satisfy a separate debt of
the husband.   Treating the question, therefore, as one of
first impression in this court, the distinction sought to be
made is, in our opinion entirely unfounded.   Aside from
the fact that the section of the statute relied on would in
itself hardly be consistent if different meanings were to
be given to these different terms, the several sections of the
statute relating to the acquisition and disposition of real
property, and the tenure by which the same is holden,
where one or the other of these terms is used, do not leave
the matter in doubt.   While it would too unduly extend
this opinion to set these sections out in detail, their per-
usal will plainly show that in the legislative mind the
terms community real property and community real estate
had the same meaning, and that it was the intent of the
legislature that the equitable interests in land held by a
husband and wife as community property, as well as the
legal interest, should not be subject to sale on an execution
issued on a judgment rendered for the separate debt of
either spouse.

The remaining errors assigned go to the right of the
respondent to show that the deed from herself and husband
to Mrs. Linfield was a mortgage, and the sufficiency of the
evidence to justify the finding that it was a mortgage, if
the right exists.   These questions are material here only
in so far as they affect the right of the respondent
to maintain the action, and it may be that the court will
not for that reason look so closely into the proofs as it
would were the contest between a grantor and grantee.
But, be this as it may, it is the settled rule of this court
that an absolute deed of conveyance, whether in form a

warranty or quit-claim, may be shown by parol evidence to be a mortgage. *Wiss v. Stewart,* 16 Wash. 376 (47 Pac. 736); *Anderson v. Stadlmann,* 17 Wash. 433 (49 Pac. 1070); *Ross v. Howard,* 25 Wash. 1 (64 Pac. 794). And the evidence here abundantly justifies the finding that the deed in question was intended as security for money loaned by the grantee to the grantors.

The judgment is affirmed.

MOUNT, DUNBAR and ANDERS, JJ., concur.